**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

OTIS BRIDGEFORTH,

                              Plaintiff,

              - v -                              Civ. No. 1:08-CV-779
                                                             (LEK/RFT)

COUNTY OF RENSSELAER, *et al.*,

                              Defendants.

**APPEARANCES:**                                **OF COUNSEL:**

OTIS BRIDGEFORTH
07-A-6695
Plaintiff, *pro se*
Collins Correctional Facility
P.O. Box 340
Collins, New York 14034

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court a civil rights Amended Complaint, filed as of right, and a Motion to Proceed *In Forma Pauperis* (IFP) filed by *pro se* Plaintiff Otis Bridgeforth. Dkt. No. 6, Am. Compl; Dkt. No. 5, Mot. for IFP. Bridgeforth has also filed a Motion for Summary Judgment.[1] Dkt. No. 7. Because the pleading filed by Bridgeforth fails to satisfy the basic pleading requirements, as more fully discussed below, this Court recommends an order be issued directing

---

[1] Pursuant to Federal Rule of Civil Procedure 56(a), a party claiming relief may file a motion for summary judgment "at any time after: (1) 20 days have passed from commencement of the action; or (2) the opposing party serves a motion for summary judgment." This action commenced on July 17, 2008, the date the Complaint was signed and presumably handed to prison guards for dispatch. *Dory v. Ryan*, 999 F.2d 679, 681-82 (2d Cir. 1993), *modified on reh'g*, 25 F.3d 81 (2d Cir. 1994) (noting that due to the unique difficulties faced by incarcerated *pro se* litigants, a prisoner's pleading is deemed to be properly filed at the time he or she hands the papers to the prison authorities for transmittal to the court). Plaintiff filed his Motion for Summary Judgment on August 6, 2008, which is more than twenty days after the commencement of the action.

Plaintiff to file another amended complaint should he wish to avoid dismissal of this action.

## I. DISCUSSION

### A. *In Forma Pauperis* Application

Accompanying Plaintiff's Amended Complaint is a Motion for Leave to Proceed with this Action *In Forma Pauperis*. Dkt. No. 5. After reviewing Plaintiff's *In Forma Pauperis* Application, the Court finds that Plaintiff may properly proceed with this matter *in forma pauperis*.

### B. Rules Governing Pleading Requirements

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy) (other citations omitted)).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992 (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy of a burden for the defendants in shaping a comprehensive defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy). As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power, on its own initiative, . . . to dismiss the complaint." *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (internal quotation marks and citation omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

### C. Allegations Contained in the Amended Complaint

A review of the Amended Complaint reveals that such pleading clearly fails to satisfy the requirements of the above-mentioned Federal Rules. The Amended Complaint is, at best, disjointed and confusing. Though Plaintiff utilized a *pro forma* complaint used for § 1983 actions, the Court cannot discern any information. And, there are several instances wherein Plaintiff refers the reader to his Original Complaint to ascertain certain information, like the parties being sued and the facts supporting his claims. This is totally improper in light of the fact that Plaintiff's original Complaint is also deficient. Both of Plaintiff's pleadings are comprised of disjointed sentences and constitutional references, and much of his handwriting is simply illegible. *See generally* Compl. and Am. Compl. The remaining pages are purported exhibits that provide no further insight as to the

basis for Plaintiff's claim for relief.

Since neither of Bridgeforth's pleadings comply with the requirements of the above-mentioned rules, we recommend the District Judge advise Bridgeforth that unless he files a second amended complaint, his action will be dismissed.

Should Plaintiff be directed by the District Judge to file a second amended complaint, we offer the following guidance. Any such amended complaint, **which shall supersede and replace in its entirety the previous pleadings filed by Plaintiff**, must contain a caption that clearly identifies, by name, each individual that Bridgeforth is suing in the present lawsuit and must bear the case number assigned to this action. The body of Plaintiff's second amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Bridgeforth claims that his civil and/or constitutional rights were violated by more than one Defendant, or on more than one occasion, he shall include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff's second amended complaint shall also assert claims against each and every Defendant named in such complaint; **any Defendants not named in such pleading shall not be Defendants in the instant action**. **Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference**. **Plaintiff shall state in the second amended complaint all claims that he wishes this Court to consider as a basis for**

**awarding Plaintiff relief herein; his failure to file such a pleading will result in dismissal of this action without further Order of the Court**.

## II.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion to Proceed with this Action *In Forma Pauperis*, (Dkt. No. 5) is **granted**;[2] and it is further

**RECOMMENDED**, that this action be **dismissed** due to Plaintiff's failure to comply with Federal Rules of Civil Procedure 8 and 10; and it is further

**RECOMMENDED**, that in light of Plaintiff's *pro se* status, prior to any dismissal, Plaintiff be afforded an opportunity to amend his Complaint consistent with the instructions above.  In any second amended complaint that Plaintiff files, he must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and any other terms the Court deems proper.  **Plaintiff must also allege claims of misconduct or wrongdoing against Defendants that he has a legal right to pursue and over which this Court has jurisdiction**; and it is further

**ORDERED**, that Plaintiff's Motion for Summary Judgment (Dkt. No. 7) shall be held in abeyance pending the District Judge's decision on this Court's recommendations.  In the event Plaintiff is directed to amend his complaint and such complaint is accepted for filing, the Court will direct service of both the acceptable pleading and Plaintiff's Motion; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written

---

[2] Plaintiff should note that although the Application to Proceed *In Forma Pauperis* has been granted, he will still be required to pay other fees that he may incur in this action, including copying and/or witness fees.

objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   August 12, 2008
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge