**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

OTIS BRIDGEFORTH,

                            Plaintiff,

    - v -                                       Civ. No. 1:08-CV-779
                                                            (LEK/RFT)

COUNTY OF RENSSELAER, *et al.*,

                            Defendants.

**APPEARANCES:**                                 **OF COUNSEL:**

OTIS BRIDGEFORTH
07-A-6695
Plaintiff, *pro se*
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      Presently before this Court, upon referral by the Honorable Lawrence E. Kahn, Senior United States District Judge, is Plaintiff's Second Amended Complaint. Dkt. No. 10, 2d Am. Compl. The amended pleading was filed in response to this Court's finding that the First Amended Complaint failed to adhere to the basic pleading requirements of Federal Rules of Civil Procedure 8 and 10. Dkt. No. 8. Because we were unable to decipher the bases for Plaintiff's claims against the named Defendants, we found that dismissal was appropriate; in light of Plaintiff's *pro se* status, however, we recommended that Plaintiff should be afforded an opportunity to amend prior to the implementation of dismissal.

      The Court has reviewed the Plaintiff's Second Amended Complaint and finds that many of

the noted Rules 8 and 10 defects have been cured. The pleading as presented is much more concise and cogently explains the basis of the action against almost all of the named Defendants. However, many of the stated claims cannot proceed, as explained more fully below

## I. DISCUSSION

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte* review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).

### A. Allegations Contained in the Amended Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. §

1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

In his Second Amended Complaint, Plaintiff names at least twenty-six Defendants, alleging each have violated his constitutional rights. Several hurdles affect Plaintiff's ability to pursue many of these causes of actions, sans one.

### *1. First Cause of Action–Second, Fourth, and Fifth Amendment Violations*

In Bridgeforth's first cause of action, it is alleged that on August 13, 2007, various Defendant Troy Police Officers (1) violated his Fourth Amendment rights when they unlawfully entered his premises; (2) violated his Fifth Amendment rights when he was arrested without being provided his *Miranda*[1] warnings; and (3) violated his Second Amendment right to bear arms.[2]  2d Am. Compl., Facts at ¶ 1. The allegations against these Defendants strike at the heart of the conviction and sentence Plaintiff is currently serving. *See supra* note 2. Were Plaintiff to succeed on any theory espoused above, he would necessarily call into question the validity of his underlying conviction and sentence. The Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction *or sentence* invalid, a § 1983 plaintiff must prove that the conviction or

---

[1] Under *Miranda v. Arizona*, 384 U.S. 436 (1966), before a suspect may properly be subjected to custodial interrogation, he must be informed that he has the right to remain silent, that any statement he makes may be used as evidence against him, and that he has the right to have counsel present. 384 U.S. at 467-72.

[2] Plaintiff is less specific about this allegation. He asserts, however, that after the incident in question, he was charged with violating New York's Criminal Penal Law § 265.03, which the Court notes is the state statute dealing with second degree criminal possession of a weapon. In his Second Amended Complaint, Plaintiff explains that he is currently in prison serving out a sentence on this very charge. According to the New York State Department of Correctional Services' (DOCS) website, Plaintiff is currently serving a sentence of imprisonment for conviction of attempted criminal possession of a weapon in the second degree. *See* NY DOCS Inmate Locator website, *available at* http://nysdocslookup.docs.state.ny.us (last visited October 10, 2008).

> sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction *or sentence* that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humprhey*, 512 U.S. 477, 486-87 (1994) (emphasis added).

Any decision rendered in Plaintiff's favor on his attacks on the manner in which the Defendant Police Officers entered Plaintiff's residence, possibly seized evidence, and arrested him, will invariably call into question the validity of the conviction and sentence for which he, by his own admission, is currently serving time in prison and is currently attacking in state court. Thus, Plaintiff's First Cause of Action should be **dismissed** as barred by *Heck v. Humphrey*.

### *2. Second Cause of Action–Eighth Amendment Violations*

Plaintiff alleges that on August 13, 2007, the same date the Defendant Police Officers entered his premises and arrested him, the Police Officers viciously assaulted him. 2d Am. Compl., Facts at ¶ 2. Plaintiff asserts that the verbal and physical beating he received was in violation of the Eighth Amendment. We find that Plaintiff has pled enough facts to allow this claim to go forward. Unlike the previous cause of action, any decision in Plaintiff's favor on his Eighth Amendment claim would not call into question the validity of his sentence. Thus, Plaintiff should be allowed to pursue his Eighth Amendment claims against the following Troy Defendants: (1) William Bowles, Former Police Officer; (2) K. Bottillo, Police Officer; (3) David Dean, Sergeant; (4) M. Furcinih, Police Officer; (5) Gabrial, Sergeant; (6) J.F. Keeler,[3] Police Officer; (7) Adam Mason, Police Officer; (8) James Molesky, Police Officer; and (9) Robert Nutall, Police Officer.

---

[3] It appears that Defendant Keeler's name appears on the Docket Report as "Keller." This probably resulted from the fact that Plaintiff's original pleading was rather indecipherable causing some difficulty for the Clerk of the Court to accurately reflect the names of each Defendants. So as to avoid any service issues, we direct the Clerk of the Court to change the Docket Report so that Mr. Keeler's name appears as it does in Plaintiff's Second Amended Complaint.

### *3. Third Cause of Action–False Allegations*

In his Third Cause of Action, Plaintiff alleges that Defendants Ricardo Medina, Sr., Ricardo Medina, Jr., and Christa Medina filed false accusations against him to the Troy Police, which resulted in the Police coming to Plaintiff's home, and falsely identified him to the Police, in violation of the Fifth and Sixth Amendments. 2d Am. Compl., Facts at ¶ 3. Bridgeforth further claims that the Medina Defendants participated in the Police attack on him by swinging an aluminum bat at him.

It is well-settled that parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law. *See*, *e.g., Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 1992 WL 280914, at *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted). Traditionally, the definition of acting under color of state law requires that the section 1983 defendant "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks and citation omitted)). To the extent Plaintiff is attempting to hold the Medina Defendants accountable under § 1983, such claims must be dismissed as Plaintiff has not alleged how these private citizens were acting under color of state law. Thus, we recommend dismissing these Defendants from this action.

### *4. Fourth Cause of Action–Malicious Prosecution*

In his Fourth Cause of Action, Bridgeforth claims that on August 14, 2007, one day after his arrest, Defendant Patricia DeAngelis, former-District Attorney (DA), and the Honorable Christopher Maier, Troy City Court Judge, violated his constitutional rights. 2d Am. Compl. at ¶ 4. It appears

that Bridgeforth is charging these Defendants with malicious prosecution and other due process violations in connection with what Bridgeforth dubs an "unconstitutional arrest" for an "impossible crime." *Id*.

As to the inclusion of Judge Maier, the law in this Circuit clearly provides that "[j]udges enjoy **absolute immunity** from personal liability for 'acts committed within their judicial jurisdiction.'" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (emphasis added) (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young v. Selsky*, 41 F.3d at 51 (internal quotations omitted). Because Judge Maier is immune from suit, Plaintiff's claim for either monetary damages and any other relief the Court deems proper is barred. *Collins v. Lippman*, 2005 WL 1367295, at *3 (E.D.N.Y. June 8, 2005). Thus, we recommend dismissal of Judge Maier from this suit.

The analysis with regard to Defendant DeAngelis and immunity is somewhat different since prosecutors have absolute immunity for some of their acts, but only qualified immunity for others. Generally, prosecutors are afforded absolute immunity for actions taken within the scope of their prosecutorial duties. *See Kalina v. Fletcher*, 522 U.S. 118, 124 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Bridgeforth claims that Defendant DeAngelis violated his Due Process rights when she illegally waived his preliminary hearing and illegally arraigned him after his unconstitutional arrest. This sounds to the Court like an attack on prosecutorial duties concerning "the initiation and pursuit of a criminal prosecution[, which] are quintessential prosecutorial functions." *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005). In this respect, absolute immunity would attach to a prosecutor's acts undertaken in the initiation and conduct of a

prosecution "unless [the prosecutor] proceed[ed] in the clear absence of all jurisdiction[.]" *Id*. It is not clear whether Bridgeforth's remarks that New York Penal Law § 265.03 is an "impossible crime," and that DeAngelis illegally arraigned and waived his preliminary hearing are to be construed as attacks on the prosecutor's jurisdiction to prosecute him. However, we need not assess whether Defendant DeAngelis is entitled to absolute or qualified immunity since any decision rendered in Plaintiff's failure on this claim will necessarily call into question the conviction and sentence for which he is currently serving, and thus is barred by *Heck*, as explained above.

Accordingly, the Court recommends that Plaintiff's Fourth Cause of Action be dismissed. As this is the only claim asserted against Judge Maier, the Court recommends he be dismissed from this action.

### *5. Fifth Cause of Action–Due Process and Indictment*

In his Fifth Cause of Action, Bridgeforth lodges various attacks upon the "illegally constituted grand jury." Specifically, Bridgeforth claims that the grand jury who illegally indicted him consisted of less than eight jurors who considered unconstitutionally obtained evidence. For these alleged constitutional infractions, Bridgeforth seeks to hold the following Defendants responsible: (1) Richard Reilly, Jr., Clerk of the Rensselaer County Supreme Court; (2) Joseph Ahearn, Former First Assistant District Attorney (ADA), Rensselaer County; (3) Former DA Patricia DeAngelis; (4) Phillip Landry, III, Public Defender (PD), Rensselaer County; (5) Jerome Frost, PD, Rensselaer County; (6) Ricardo Medina, Sr.; and (7) Morrin, Rensselaer County Grand Jury Deputy. In addition to failing to explain the nature of his constitutional attack, Bridgeforth fails to explain how any of these named Defendants personally participated in conduct amounting to a constitutional violation. Putting aside any defense of immunity certain named Defendants may enjoy, *see Shmueli*

*v. City of New York*, 424 F.3d at 237 (prosecutorial immunity), and the fact that at least one, if not more, of these named Defendants are not acting under color of state law, *see Polk County v. Dodson*, 454 U.S. 312, 321 (1981) (public defenders do not act under color of state law), this cause of action must be dismissed for it suffers from the same fatal flaw as other claims discussed above. Any decision rendered in Bridgeforth's favor on the legality or constitutionality of the grand jury indictment in his state criminal prosecution would necessarily call into question the validity of his current sentence and conviction and thus is barred by *Heck*. Accordingly, we recommend dismissal of Bridgeforth's Fifth Cause of Action.

### *6. Sixth Cause of Action–Due Process and Sentencing*

In his Sixth, and final, Cause of Action, Bridgeforth claims that various Defendants violated Plaintiff's constitutional rights on November 29, 2008, during his "illegal" sentencing, including (1) Suzanne DeMarco, Rensselaer County Court Assistant; (2) DA DeAngelis and ADA Ahearn; (3) PDs Arthur Frost and Jerome Frost; (4) Coleen Neal, Senior Court Report, Rensselaer County Court; (5) Betsy Helm, Official Court Reporter, Rensselaer County Court; (6) Lynn Laya, Deputy Clerk of Rensselaer County Court; (7) Frank Merola, Rensselaer County Clerk; (8) J.F. Keeler, Troy Police Officer; and (9) Honorable Patrick McGrath, Rensselaer County Court Judge. 2d Am. Compl., Facts at ¶ 6. Bridgeforth claims that the above Defendants not only participated in the sentencing, but conspired thereafter to alter official court records. As with many of Plaintiff's other causes of action, any attack on the sentence for which Plaintiff is currently serving cannot be attacked in at § 1983 action without an indication that such sentence has been reversed. Since this is not the case, Plaintiff's Sixth Cause of Action is barred by *Heck* and should be dismissed.

### B. Personal Involvement

Two Defendants named in Plaintiff's prior pleadings were not named in Plaintiff's Second Amended Complaint, namely, Richard Menally, Jr., and Anne. L. VonFricken Coonrad. Nor have any allegations of wrongdoing been assessed against these Defendants in the Second Amended Complaint. Thus, we presume that Plaintiff has abandoned his claims against these Defendants and recommend their dismissal from this action.

### C. Plaintiff's Motion for Summary Judgment

On August 6, 2008, Plaintiff filed a Motion for Summary Judgment, which is quite voluminous. Dkt. No. 7. Because we found Plaintiff's Amended Complaint was illegible, we did not address his Motion and instead recommended dismissal of the entire action or further amendment of claims. Dkt. No. 8. Now, after reviewing the Second Amended Complaint, this Court has made several recommendations narrowing Plaintiff's claims to one, excessive force in violation of the Eighth Amendment. At this juncture, we find it prudent to hold Plaintiff's Motion in abeyance until the District Judge has had the opportunity to rule on our recommendations and, if accepted, until the remaining Defendants have been served with process and appeared in this action. In addition to serving an answer or other response allowed under the Federal Rules of Civil Procedure, the Defendants shall respond to Plaintiff's Motion for Summary Judgment within forty-five days of being served with the Second Amended Complaint. Should the District Judge accept our recommendations, the only claim which survives shall be the claim of excessive force.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's First, Third, Fourth, Fifth, and Sixth Causes of Actions be **dismissed** as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); and it is further

**RECOMMENDED**, that in addition to the *Heck* bar, Plaintiff has also sued two Defendants

who are absolutely immune from suit, Defendants Judge McGrath and Judge Maier, who should be dismissed pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B)(ii) (allowing for *sua sponte* dismissal of defendants protected by absolute immunity); and it is further

**RECOMMENDED**, that Defendants Richard Menally, Jr., and Anne L. VonFricken Coonrad be dismissed for Plaintiff's failure to include them in the Second Amended Complaint and failure to assert any personal involvement in alleged constitutional violations; and it is further

**RECOMMENDED**, that the Court allow Plaintiff's Second Cause of Action alleging excessive force in violation of the Eighth Amendment go forward against the following Troy Defendants: (1) William Bowles, Former Police Officer; (2) K. Bottillo, Police Officer; (3) David Dean, Sergeant; (4) M. Furcinih, Police Officer; (5) Gabrial, Sergeant; (6) J.F. Keeler, Police Officer; (7) Adam Mason, Police Officer; (8) James Molesky, Police Officer; and (9) Robert Nutall, Police Officer; and it is further

**ORDERED**, that the Clerk of the Court update the spelling of Defendant "Keller" as Defendant "Keeler"; and it is further

**RECOMMENDED**, that all other Defendants be dismissed from this action; and it is further

**RECOMMENDED**, that in the event the District Court adopts the above recommendations, an Order should be issued directing the Clerk to issues Summonses for the remaining Defendants (listed above) and forward them, along with copies of the Second Amended Complaint and a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, to the United States Marshal for service upon the remaining Defendants. The Clerk should also be directed to forward a copy of the Summonses and Second Amended Complaint to the Troy Corporation Counsel, City Hall, One Monument Square, Troy, New York 12180,

together with a copy of this Report-Recommendation and Order; and it is further

**RECOMMENDED**, that, upon the District Court's acceptance of these recommendations, the Defendants should be directed to file a formal response to Plaintiff's Second Amended Complaint as provided for in Rule 12 of the Federal Rules of Civil Procedure subsequent to service of process; and it is further

**RECOMMENDED**, that Plaintiff's Motion for Summary Judgment (Dkt. No. 7) be held in abeyance pending the District Judge's decision on this Report-Recommendation and Order. In the event the Court adopts our recommendations, the Defendants should be directed to respond to Plaintiff's Motion within forty-five days of being served with the Second Amended Complaint (*see* attached proposed order); and it is further

**ORDERED**, that any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel. **Any letter or other document received by the Clerk or the Court which does not include a certificate of service which clearly states that an identical copy was served upon all opposing parties or their attorneys is to be returned, without processing, by the Clerk.** Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action; and it is further

**ORDERED**, that all motions shall comply with the Local Rules of Practice of the Northern District. In accordance with the Local Rules, **Plaintiff must promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do so will result in the dismissal of this action**; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on

*-11-*

Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).
tenor
**IT IS SO ORDERED**.

Date:   October 28, 2008
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge