UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

OTIS BRIDGEFORTH,

                Plaintiff,

   -against-                               1:08-CV-779 (LEK/RFT)

COUNTY OF RENSSELAER, *et al.*,

                Defendants.

## **DECISION AND ORDER**

Presently before the Court is a Motion filed by Plaintiff Otis Bridgeforth ("Plaintiff") on January 7, 2008, seeking reconsideration of an Order issued by this Court on December 8, 2008 adopting the Report-Recommendation of Judge Randolph F. Treece.  Motion (Dkt. No. 21); Judge Kahn Order (Dkt. No. 19); Report-Recommendation (Dkt. No. 14).  This Court's Order dismissed the First, Third, Fourth, Fifth and Sixth Causes of Actions from Plaintiff's Second Amended Complaint, maintained Plaintiff's Second Cause of Action alleging excessive force against various Troy Defendants, and dismissed all other Defendants.  Order (Dkt. No. 19); Second Amended Complaint (Dkt. No. 10).

**A.**    **Legal Standard**

The standard for granting a motion for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  <u>Schrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995).  The burden

on a party moving for reconsideration of an order is thus substantial. Toland v. Walsh, No. 9:04-CV-0773, 2008 WL 657247, at *1 (N.D.N.Y. Mar. 7, 2008). There are only three possible grounds upon which motions for reconsideration may be granted: (1) an intervening change in law, (2) the availability of evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. Shannon v. Verizon New York, Inc., 519 F.Supp.2d 304, 307 (N.D.N.Y. 2007) (citing Doe v. New York City Dept. of Social Servs., 709 F.2d 782, 789 (2d Cir. 1983).

**B.    Discussion**

Plaintiff argues that the First Cause of Action, dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994) should be reinstated because the "cause strikes at the heart of the conviction and sentence" and because "Plaintiff filed his complaint ... calling into question the validity of his underlying conviction and sentence" after the issuance of the Report-Recommendation. Motion at 8-9 (Dkt. No. 21). He also reiterates allegations raised in his Second Amended Complaint as an apparent basis for reinstating the dismissed claim and overriding the immunity of certain defendants, but does not explain how his challenges are not barred by Heck. See, e.g., Motion at 11-13. Rather, Plaintiff admits that he is challenging his underlying conviction and sentence. See Motion at 15 (noting that Plaintiff also has a direct appeal pending, challenging his conviction and sentence).

Thus, to the extent that Plaintiff repeats the allegations in the Second Amended Complaint and the arguments made to the Court in his prior objections, the Court notes that a motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257. A motion for reconsideration is not to be used "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or

otherwise taking a 'second bite at the apple'… ." Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted). Further, Plaintiff has not presented any overlooked controlling decision, constitutional provision, or data which may be reasonably expected to alter the Court's prior decision. Accordingly, Plaintiff has not established any "exceptional circumstances" under which reconsideration is warranted, and the motion must be denied. See Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) ("Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances.").

**C.  Conclusion**

Therefore, based on the foregoing, it is hereby

**ORDERED**, that Plaintiff's Motion for reconsideration (Dkt. No. 21) is **DENIED**; and it is further

**ORDERED**, that the Court's December 8, 2008 Order (Dkt. No. 19) is **AFFIRMED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the Plaintiff.

**IT IS SO ORDERED**.

DATED:      January 13, 2009
            Albany, New York

Lawrence E. Kahn
U.S. District Judge