UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

OTIS BRIDGEFORTH,

                     Plaintiff,

     v.                                            1:08-CV-779 (LEK/RFT)

COUNTY OF RENSSELAER, et al.,

                     Defendants.

## **<u>MEMORANDUM-DECISION AND ORDER</u>**

**I.    BACKGROUND**

Before the Court is a Motion for a temporary restraining order ("TRO") brought by Plaintiff Otis Bridgeforth ("Plaintiff"). Dkt. No. 68. Plaintiff is proceeding *pro se* and *in forma pauperis*. His Motion seeks to bar nine Defendants named as members of the "Street Crimes Unit" police force of the County of Rensselaer, New York from contact with the Plaintiff until completion of Plaintiff's civil suit against those parties. <u>Id.</u>

Plaintiff, following this Court's Decision and Order (Dkt. No. 19) approving and adopting a Report-Recommendation (Dkt. No. 14) by Magistrate Judge Randolph Treece reviewing Plaintiff's Second Amended Complaint (Dkt. No. 10) pursuant to 28 U.S.C. §§ 1915(e) and 1915(e)A, has one surviving cause of action in the instant case. He alleges that on August 13, 2007, the same date the Defendant police officers arrested him, they also assaulted him, and that the verbal and physical beating he received was in violation of the Eighth Amendment. <u>See</u> Second Am. Compl. (Dkt. No.

1

10.) Plaintiff now seeks a temporary restraining order against these Defendants because Bridgeforth "is returning to the County of Rensselaer" at the conclusion of his term in correctional custody. Dkt. No. 68. Plaintiff asserts that he "is <u>scared</u> that each Defendant will retaliate against him for exercising the constitutional network." <u>Id.</u> (emphasis in original). Plaintiff has not submitted a Memorandum of law to support his request for the TRO, but he "directs the Court to consider the Pleadings in the Amended Complaint . . . [and the] documentary evidence which supports the pleadings." <u>Id.</u>

## II.   DISCUSSION

When deciding a motion for a temporary restraining order, the Court follows the same legal standard as that for a motion for a preliminary injunction. <u>Freeman v. McKnight</u>, No. 07-CV-01123, 2007 WL 3254431, at *1 (N.D.N.Y. Nov. 2, 2007) (citing <u>Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.</u>, 965 F.2d 1224, 1228 (2d Cir. 1992)). Generally, the "district court may grant a preliminary injunction where the moving party establishes: (1) that it is likely to suffer irreparable injury if the injunction is not granted, and (2) either (a) a likelihood of success on the merits of its claim, or (b) the existence of serious questions going to the merits of its claim and a balance of the hardships tipping decidedly in its favor." <u>Id.</u> (citing <u>Moore v. Consolidated Edison Co. of New York, Inc.</u>, 409 F.3d 506, 510-511 (2d Cir. 2005)).

"Such relief . . . is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. " <u>Moore</u>, 409 F.3d at 510-11. Moreover, in some cases, a significantly higher standard applies. <u>Jolly v. Coughlin</u>, 76 F.3d 468,

473 (2d Cir. 1996)  The moving party must make a "clear" or "substantial" showing of a likelihood of success in two instances: where (1) the injunction sought is mandatory, i.e.,"will alter, rather than maintain, the status quo"; or (2) the injunction sought "will provide the movant with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits."  Id.  Here the injunction sought is mandatory, so the Court will use the "clear and substantial" showing of a likelihood of success standard.

Plaintiff does not sustain his burden to demonstrate why a TRO should issue, and, accordingly, the Court must deny the relief sought.  First, Plaintiff does not make any showing as to the likelihood of his suffering irreparable injury due to the denial of a TRO.  Neither his Motion submissions for the TRO nor the material referenced therein begin to indicate that harm is likely to befall the Plaintiff in the absence of the TRO.  Plaintiff, with respect to the relief sought through the TRO, also fails to indicate a substantial likelihood of success on the merits of his actual claim against Defendants or the existence of serious questions going to the merits of his claim and a balance of the hardships tipping decidedly in his favor.  Indeed, it appears that the TRO does not bear upon the Plaintiff's underlying lawsuit at all.  Plaintiff, who is suing the Defendants for an alleged violation of Eighth Amendment rights, has not indicated the relationship between this civil action for money damages and the need for a TRO enjoining contact by the Defendant officers with the Plaintiff.  Thus even if Plaintiff could show a substantial likelihood of success on the merits of the suit for damages, that would not justify the grant of the injunctive relief requested here. For these reasons, Plaintiff fails to meet both prongs that would permit this Court to issue the TRO sought.

### III. CONCLUSION

Accordingly, it is hereby

**ORDERED**, that the Plaintiffs' Motion for a Temporary Restraining Order (Dkt. No. 68) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED**.

DATED:   December 31, 2009
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge