UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――――

OTIS BRIDGEFORTH,

                Plaintiff,

   -against-                                              1:08-CV-0779 (LEK/RFT)

COUNTY OF RENSSELAER, *et al.*,

                Defendants.
―――――――――――――――――――――――――――――――

## **DECISION and ORDER**

**I.    INTRODUCTION**

Plaintiff Otis Bridgeforth ("Plaintiff" or "Bridgeforth") commenced this § 1983 civil rights action *pro se* and *in forma pauperis*.  See Dkt. No. 1 ("Complaint").  Presently before the Court is Defendants' Motion to dismiss this action pursuant to Rule 37 of the Federal Rules of Civil Procedure filed January 3, 2011.  Dkt. No. 83 ("Motion to dismiss").  Also before the Court is Plaintiff's Motion seeking to: (1) strike his initial trial demand; (2) enter a non-jury trial demand; (3) enter a request for a three-judge court pursuant to Local Rule 9.1; and (4) proceed with a civil trial. Dkt. No. 110 ("Plaintiff's Motion").  Defendants submitted a Response in opposition to Plaintiff's Motion.  Dkt. No. 117 ("Response").

**II.    DISCUSSION**

The Court presumes familiarity with the facts underlying this action.  For a more detailed statement of facts, reference is made to Plaintiff's Second Amended Complaint.  Dkt. No. 10 ("Second Amended Complaint").

    **A.  Motion to Dismiss**

Defendants seek dismissal of Plaintiff's Second Amended Complaint on the basis that

Plaintiff failed to obey the Court's discovery order and failed to attend a scheduled deposition. Mot. to dismiss at 1. On March 7, 2011, the Honorable Randolph F. Treece, United States Magistrate Judge found that restrictions on Plaintiff's travel may have prevented his appearance, and extended Plaintiff another "opportunity to comply with discovery demands." Dkt. No. 91 at 1-2. Judge Treece then issued an Order on March 28, 2011, directing that "Defendants' Motion to Dismiss [be] held in abeyance pending the completion of discovery, particularly Bridgeforth's deposition," and that "Defendants shall file a status report advising whether they wish to proceed with their Motion to Dismiss." Dkt. No. 95 at 4-5.

Defendants have not filed such a status report, and it appears that Plaintiff's deposition was ultimately completed on August 8, 2011. See Dkt. No. 111. Accordingly, Defendants' Motion to dismiss this action pursuant to Rule 37 is denied without prejudice to renew.

**B. Plaintiff's Motion**

Plaintiff first seeks to strike his initial demand for a jury trial, and to instead enter a non-jury trial demand and/or a request for a "'Three-Judge Court' or the equivalent pursuant to Local Rule 9.1." Pl.'s Mot. at 1. However, pursuant to Rule 38(d) of the Federal Rules, a "proper [jury] demand may be withdrawn only if the parties consent," and Defendants oppose Plaintiff's request. Response ¶ 4. In addition, Defendants were entitled to rely on Plaintiff's jury demand to preserve their own right to a jury trial. See Gargiulo v. Delsole, 769 F.2d 77, 79 (2d Cir. 1985); see also Second Am. Compl. at 13 (demanding jury trial). And, in any event, Defendants properly demanded a jury trial in their Answer. Dkt. No. 47 ¶ 8. Accordingly, Plaintiff's Motion to strike his jury trial demand and proceed with either a non-jury trial or a "Three-Judge Court" pursuant to

Local Rule 9.1[1] is denied.

Finally, Plaintiff states that he is "trial ready and [moves] to proceed with civil trial October 2011." Pl.'s Mot. at 2. However, shortly after Plaintiff filed this request, Defendants filed a Motion for summary judgment that is presently before the Court. See Dkt. No. 114. In light of this pending dispositive Motion, the Court finds that this action is not trial ready, and denies Plaintiff's request to proceed with trial at this time.

## III. CONCLUSION

Accordingly, it is hereby:

**ORDERED,** that Defendants' Motion (Dkt. No. 83) to dismiss Plaintiff's Second Amended Complaint is **DENIED without prejudice**; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 110) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     March 28, 2012
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[1] The Court notes that, even if Defendants' had consented to Plaintiff's attempt to withdraw his jury demand, a three-judge court would be not be proper in this case. 28 U.S.C. § 2284 ("A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body"); see also Yagan v. Dougherty, No. 5:10-CV-528, 2010 WL 2594790, at *6 (N.D.N.Y. June 9, 2010) (denying request for a three-judge panel in a § 1983 action).